[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1145

DAVID S. PORTER, CAROL ANN PORTER AND SONS REALTY TRUST, ET AL.,

Plaintiffs, Appellants,

v.

METROWEST BANK, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

David S. Porter and Carol A. Porter on brief pro se.
Kevin Hern, Jr., Craig J. Ziady, Riemer & Braunstein, Daniel
L. Goldgerg, S. Elaine McChesney, and Bingham Dana LLP on brief for
appellees.

November 3, 1998

Per Curiam. We have carefully reviewed the parties' briefs
and the record on appeal. Appellants David S. Porter and his wife,
Carol A. Porter, have appealed a district court "Order of Closure"
which, in effect, is an order of abstention pending final
resolution of related state court litigation. The Porters have
filed this appeal despite Mr. Porter's statement at the district
court hearing that they did not oppose deferring this federal
action until after they have prevailed in their pending state court
litigation. We have some concern about excusing the Porters from
their inconsistent position. Cf. Patriot Cinemas, Inc. v. General
Cinema Corp., 834 F.2d 208, 211-15 (1st Cir. 1987) (applying the
doctrine of "judicial estoppel" or "preclusion of inconsistent
positions" to party that repudiated its prior representation in
state court that it would not prosecute a state antitrust count). 
In any event, however, we conclude that there was no abuse of
discretion in the decision to abstain in this case. See Elmendorf
Grafica, Inc. v. D.S. Am. (E.), Inc., 48 F.3d 46, 50 (1st Cir.
1995).
There is no merit to the Porters' claim that the abstention
order violates their First Amendment right to petition the courts. 
We also reject the Porters' claim, first raised in this appeal,
that the district court was biased and had an apparent conflict of
interest. Although the court was candid in its views of the
Porters' extended litigation history and strategy, these views had
support in the record and did not "display a deep-seated favoritism
or antagonism that would make fair judgment impossible." Liteky v.
United States, 510 U.S. 540, 555 (1994). The allegation of an
apparent conflict of interest borders on the frivolous and requires
no further comment.
Affirmed.